UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIS DESHAWN GRANT,

    Petitioner,

v.

Case No. 25-cv-1420-pp

BRADLEY MLODZIK,

    Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1)**

---

The petitioner, who currently is incarcerated at Waupun Correctional Institution and representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his judgments of conviction in three related criminal cases in Milwaukee County Circuit Court. The petitioner has paid the $5 filing fee. This order screens the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**I.    Standard**

Rule 4 of the Rules Governing §2254 states:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage,

1

the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, petitioners incarcerated under a state court judgment must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner

2

prescribed by procedural laws. See Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

**II.    Background**

The state charged the petitioner in three separate cases based on three separate shootings in July of 2017. State v. Grant, Appeal Nos. 2023AP1962-CR, 2023AP1963-CR, 2023AP 1964-CR, 2025 WL 408223, *1 (Wis. Ct. App. Feb. 4, 2025). The prosecution moved to join the cases under Wis. Stat. §971.12(1), arguing that the three cases were "connected together" and that they constituted "parts of a common scheme or plan." Id. at *2. The court initially joined the second and third cases, but, on reconsideration, joined all three cases for trial. Id.

The jury convicted the petitioner on all nine charges. Id. The court imposed a sentence of fifty-two years, comprised of thirty-two years of initial confinement and twenty years of extended supervision. Id.

In his postconviction motion, the petitioner argued that (1) the court erred when it joined the three cases; (2) the evidence presented was insufficient for conviction; and (3) the sentence was unduly harsh and unconscionable and constituted an erroneous exercise of discretion. Id. The court denied the motion, finding that joinder was proper, the evidence was sufficient and the sentence was not unduly harsh and unconscionable. Id.

The Wisconsin Court of Appeals affirmed. It first rejected the improper joinder argument, citing Wis. Stat. §971.12. Id. The appellate court focused on the following: the ballistics reports determined that the same .45 caliber gun

was discharged at all three scenes; the victims in all three incidents associated their assailant with a green Buick which police later connected to the petitioner; and all three incidents were closely related in both time and location (within a twenty-one-day span in the same 2.5-mile radius of the same neighborhood in Milwaukee). Id. Each of the cases shared a common manner, scheme or plan. Id. The court of appeals observed that evidence from all three cases would have been admissible in any individual case as other acts evidence. Id.

Next, the court of appeals found that the evidence was sufficient for the jury to convict the petitioner. After reviewing the evidence, the court said that it could not conclude that the evidence was "so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." Id. at *5.

Finally, the court of appeals concluded that the circuit court did not erroneously exercise its sentencing discretion. Id. at *5. It said that the sentence was "well within the maximum sentence" that that the petitioner faced for the nine convictions, and less than what the court could have imposed on the attempted first-degree intentional homicide conviction alone. Id. The court of appeals found that the circuit court considered all relevant sentencing objectives and factors, including the gravity of the offense, the character of the offender and the need to protect the public. Id. The court also cited the circuit court's description of the petitioner and characterization of the crimes. Id.

4

On April 10, 2025, the Wisconsin Supreme Court denied the petitioner's petition for review. State v. Grant, 23 N.W. 3rd 207 (Wis. Apr. 10, 2025) (Table).

In the instant federal petition, the petitioner continues to argue that the Milwaukee County Circuit Court improperly joined the three cases. Dkt. No. 1 at 6. He asserts that a second judge erroneously granted the state's motion to join the three cases after the first judge denied it. Id. He argues that there was insufficient evidence presented at trial for a reasonable jury to convict. Id. at 7. Finally, he argues that the court erred in imposing the sentence and erroneously exercised its discretion. Id.

### III. Screening

To proceed under §2254, the petitioner must allege that he is in custody in violation of the Constitution. The petitioner alleges improper joinder, insufficient evidence and an excessive sentence. Although it is not clear that the petitioner presented the constitutional claims to the state courts, the court will allow the petitioner to proceed at this stage. (This screening decision does not bar the respondent from later raising issues of exhaustion or procedural default.)

Standing alone, improper joinder does not violate the federal Constitution, but misjoinder can rise to the level of a constitutional violation if it results in prejudice "so great as to deny a defendant his Fifth Amendment right to a fair trial." United States v. Lane, 474 U.S. 438, 446, n.8 (1986). Similarly, an insufficiency-of-the-evidence claim is cognizable on *habeas* review as a due process claim. See Kidd v. Gomez, 2 F.4th 677, 680 (7th Cir. 2021)

(reviewing sufficiency of evidence claim on federal *habeas* review); Carrion v. Butler, 835 F.3d 764, 773 (7th Cir. 2016) ("The familiar standard of Jackson v. Virginia, 443 U.S. 307 . . . (1979) makes clear that, to comport with the standards of the Due Process Clause, a criminal conviction must be based on proof beyond a reasonable doubt."). Finally, the petitioner argues that his sentence was excessive. A sentence violates the Eighth Amendment if it is extreme and "grossly disproportionate" to the crime. Solem v. Helm, 463 U.S. 277, 288 (1983).

At this early stage, the court concludes that the petitioner has alleged claims cognizable on *habeas* review and will require the respondent to answer or otherwise respond.

**IV.    Conclusion**

The court **ORDERS** that the petitioner may proceed on the grounds alleged in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

6

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the

7

respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 27th day of January, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**